IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| TAUREAN L. GETZEN, JR.,<br><br>    Plaintiff,<br><br>  vs.<br><br>CITY AND COUNTY OF HONOLULU, *et al.*,<br><br>    Defendants. | Civil No. 24-00255 MWJS-WRP<br><br>ORDER DISMISSING COMPLAINT AND DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS AS MOOT |

**ORDER DISMISSING COMPLAINT AND DENYING
APPLICATION TO PROCEED IN FORMA PAUPERIS AS MOOT**

On June 17, 2024, pro se Plaintiff Taurean L. Getzen, Jr. filed a civil rights suit against the City and County of Honolulu (Honolulu County) and various employees of the Department of Customer Services, Motor Vehicle, Licensing, and Permits Division (DMV). ECF No. 1. Getzen also applied to proceed in forma pauperis (IFP), that is, without prepayment of fees or security. ECF No. 2. In considering such an application, the Court must ensure, among other things, that the complaint states a claim upon which relief could be granted.

The complaint fails to state a plausible claim for relief against any Defendant. The Court therefore DISMISSES the complaint and DENIES the IFP

application as moot.  Getzen is granted leave to amend the complaint and to file a new IFP application, but must do so by August 12, 2024.

## BACKGROUND

Getzen brings this action against Honolulu County and two named DMV employees, Kim Hashiro (the Director) and Derek Mayeshiro (the Deputy Director), as well as ten unnamed "Doe" DMV employees.  The complaint arises from Getzen's visits to the DMV location in Kapolei, Hawai'i, on three different occasions.  As alleged in the complaint, upon each visit, Getzen, who is an African American man, was discriminated against based on his race.  Namely, he was required to produce more documentation as proof of his identification and his residential address than similarly situated individuals of different races (White, Asian, and Native Hawaiian).  Further, he was denied a state identification card, whereas similarly situated individuals were issued identification cards.

During his first visit in May 2024, Getzen was subjected to discriminatory "comments and behaviors" by Doe employees and denied an identification card. ECF No. 1, at PageID.4.  Getzen returned for a second visit that afternoon with his grandmother, Shirley A. Jones, who is also African American.  *Id.*  Jones was to serve as an affiant as proof of Getzen's residential address.  *Id.*  But the DMV employees did not allow her to do so, and Getzen was again denied an identification card and subjected to discriminatory "comments and behaviors."  *Id.*

2

On June 14, 2024, Getzen returned for a third visit with a new proposed affiant to establish his residential address:  his uncle Wilfred L. Lee Jr., who is also African American.  *Id.*  During that visit, Getzen produced various original documents—including a passport, birth certificate, social security card, electric bill, tax document, and bank statement—but was still denied an identification card. *Id.* at PageID.5.  Moreover, Getzen alleges, the Doe employees "laughed at and mocked" him and his uncle.  *Id.*  Getzen requested a supervisor, but the supervisor also "showed racial animus towards and laughed at" him and his uncle.  *Id.*

Getzen alleges that this conduct violated 42 U.S.C. §§ 1981 and 1983, Title VI of the Civil Rights Act of 1964, and the Fourteenth Amendment's Equal Protection Clause.  Getzen requests money damages for, among other things, his inability to register to vote, inability to serve on a jury, and emotional distress.

## **DISCUSSION**

### A.  **Screening of Getzen's Complaint**

Getzen asks to proceed in forma pauperis, and so the Court must screen his complaint.  28 U.S.C. § 1915(e).  Because he is proceeding pro se, the Court liberally construes his pleadings.  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).  Nonetheless, the Court is required to dismiss claims or complaints that are frivolous, malicious, fail to state a claim for relief, or seek damages from

defendants who are immune from suit.  *See* 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

Dismissal is appropriate here because the complaint fails to state a claim for relief.  In evaluating whether a complaint fails to state a claim for screening purposes, courts generally apply the pleading standards in Rule 8 of the Federal Rules of Civil Procedure.  *See Watison*, 668 F.3d at 1112; *Zixiang Li v. Kerry*, 710 F.3d 995, 998 (9th Cir. 2013).  Under Rule 8, a complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  To show an entitlement to relief, however, it is not enough for a complaint to allege "labels and conclusions."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Rather, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Id.*  The Court considers the claims against each Defendant in turn.

1. Begin with the claims against Honolulu County.  An equal protection challenge can be brought against a municipality under § 1983, but only in discrete circumstances.  *See Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978).  First, a municipality can be liable when it or a person with final policymaking authority within the municipality expressly enacts or authorizes a policy respecting a challenged action, *Pembaur v. City of Cincinnati*, 475 U.S. 469, 482-83 (1986), including by ratifying a subordinate's conduct and the basis for it,

4

*Ellins v. City of Sierra Madre*, 710 F.3d 1049, 1066-67 (9th Cir. 2013). Second, a municipality can be liable for a custom that, although not expressly enacted, is "so permanent and well settled" that it operates with the force of law. *Monell*, 436 U.S. at 691. Third, a municipality can be liable for failing to train its employees when such failure amounts to deliberate indifference toward the rights of its inhabitants. *City of Canton v. Harris*, 489 U.S. 378, 388-89 (1989). Under any theory, a plaintiff must also allege that a policy, custom, or failure to train actually caused a municipality's employee to commit the constitutional deprivation. *Id.* at 391; *Monell*, 436 U.S. at 694. A municipality cannot be held liable "solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell*, 436 U.S. at 691 (emphases omitted).

Here, the complaint does not advance factual allegations to support any of these theories of liability. It alleges no official county policy or custom of discrimination against African Americans in issuing identification cards, no final policymaker's ratification of the DMV employees' alleged discrimination, and no failure to train DMV employees on equal treatment. Nor does the complaint lay out a factual basis that any policy, custom, or failure to train caused the DMV employees' allegedly discriminatory treatment of Getzen. The complaint therefore fails to state a § 1983 claim against Honolulu County.

5

Getzen's § 1981 claim against Honolulu County fails for the same reason—that is, it does not allege that the county's own actions caused the violation of his rights. *See Yoshikawa v. Seguirant*, 74 F.4th 1042, 1047 (9th Cir. 2023) ("A plaintiff seeking to enforce rights secured by § 1981 against a state actor must bring a cause of action under § 1983."). Moreover, even if Getzen's allegations had implicated the county, they still do not sufficiently allege a specific right he was denied that would violate § 1981. Although Getzen alleges that Defendants' refusal to accept his documents interfered with his ability to make and enforce contracts, *see* ECF No. 1, at PageID.8 ("Defendants' refusal to accept Pro Se Plaintiff's valid identification and proof of residence was motivated by racial discrimination, thereby interfering with Pro Se Plaintiff's ability to make and enforce contracts related to obtaining state ID services."), more detail would be needed for these allegations to state a claim.

The complaint also asserts a Title VI claim against Honolulu County. Title VI provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. To state a Title VI claim, a plaintiff must allege that the entity involved is (1) receiving federal financial assistance and (2) engaging in racial discrimination. *Fobbs v. Holy Cross Health*

*Sys. Corp.*, 29 F.3d 1439, 1447 (9th Cir. 1994), *overruled on other grounds by Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131 (9th Cir. 2001) (en banc).

Here, Getzen alleges that the DMV receives federal financial assistance. ECF No. 1, at PageID.8.  And he says that, unlike similarly situated individuals of other races, he was required to produce "superfluous" documentation, *id.* at PageID.5-6, denied the opportunity to use family members' affidavits as proof of his residential address, and ultimately denied an identification card.  Getzen does not explain, however, what "superfluous" documents were requested of him above and beyond those requested of other visitors to the DMV.  He does not allege what documents other visitors produced to receive identification cards.  And he does not allege what explanation, if any, the DMV employees gave him for their refusal to allow his grandmother and uncle to serve as affiants as proof of his residential address, or for the ultimate denial of an identification card.

Moreover, although Getzen generally alleges that he was subjected to racially discriminatory "comments and behaviors" and that DMV employees "showed racial animus towards him," *id.* at PageID.4-5, he does not state what those comments or other behaviors were, or how racial animus was displayed.  In short, Getzen has not provided enough detail to support a reasonable inference that

the DMV employees treated him differently because of his race.  The complaint

therefore fails to state a Title VI claim against Honolulu County.

2.  The complaint also brings claims against two DMV employees, Hashiro

and Mayeshiro.  But the claims against them in their official capacities are "only

another way of pleading an action against an entity of which an officer is an

agent," *Monell*, 436 U.S. at 690 n.55, and are therefore "treated as a suit against the

entity," *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  And because the

complaint does not adequately allege a claim against Honolulu County, the

official-capacity claims must likewise be dismissed.

Hashiro and Mayeshiro are also sued in their individual capacities.

Individual, as opposed to official, capacity suits "seek to impose personal liability

upon a government official for actions [they] take[] under color of state law."  *Id.*

at 165.  But the complaint provides no factual allegations regarding any actions

personally taken by Hashiro and Mayeshiro:  there are no allegations that they

were, in any way, involved in Getzen's DMV visits.  The only relevant allegations

are conclusory and, therefore, not entitled to a presumption of truth.  *See, e.g.*, ECF

No. 1, at PageID.3 ("The Defendants . . . Kim Hashiro . . . [and] Derek Mayeshiro

. . . discriminated against them because of their Race African American."); *id.*

("They were discriminated against when the initial Hawaii State Identification

Card application was denied by Defendants . . . Kim Hashiro . . . [and] Derek

Mayeshiro . . . during this first visit.").  The complaint therefore fails to state a § 1981, § 1983, or Fourteenth Amendment claim against Hashiro or Mayeshiro.

As for the Title VI claims against Hashiro and Mayeshiro, they "cannot be asserted against individual defendants because they are not the ones receiving federal funding." *West v. City and County of San Francisco*, No. 21-cv-02370, 2022 WL 1556415, at *10 (N.D. Cal. May 17, 2022).  The complaint therefore fails to state a Title VI claim against Hashiro or Mayeshiro.

Accordingly, because it lacks sufficient factual allegations to state a claim against any Defendant, the complaint is DISMISSED without prejudice.

**B.     Leave to Amend the Complaint**

Although the Court dismisses the complaint, it recognizes that Getzen is proceeding pro se and could possibly cure the deficiencies by amending the complaint.  Accordingly, the Court dismisses the complaint without prejudice and grants Getzen leave to amend.  *See Watison*, 668 F.3d at 1117.

Any amended complaint—which should be titled "First Amended Complaint"—must be filed by August 12, 2024, and it must cure the deficiencies identified in this order.  In other words, it must allege facts that make out a plausible claim for relief.  Getzen is cautioned that failure to timely file an amended complaint that addresses the identified deficiencies will result in the automatic dismissal of this action.

### C.    Getzen's In Forma Pauperis Application

Because the complaint fails to state a claim, the Court DENIES the IFP application as moot and does not decide the application's sufficiency.  If Getzen chooses to file an amended complaint, however, he should submit an updated IFP application that explains his income, assets, expenses, and debts with particularity.

Under the in forma pauperis statute, federal courts may authorize the commencement of suit without prepayment of fees or security by a person who submits an affidavit demonstrating an inability to pay.  28 U.S.C. § 1915(a)(1).  An applicant need not demonstrate absolute destitution, *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948), but they must "allege poverty with some particularity, definiteness and certainty," *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (internal quotation marks omitted).  An application is sufficient where it alleges that the applicant "cannot pay the court costs and still afford the necessities of life."  *Id.* (citing *Adkins*, 335 U.S. at 339).

In his current application, Getzen represents that he has no income, assets, expenses, or debts of any kind.  ECF No. 2, at PageID.12-13.  Although his IFP application is denied as moot, if Getzen files an amended complaint, he should submit an updated IFP application.  If Getzen still has no income, assets, expenses, or debts, he should explain in his application how he secures the necessities of life, including food, housing, transportation, and utilities.

10

## <u>CONCLUSION</u>

For the foregoing reasons, the Court DISMISSES Getzen's complaint and DENIES Getzen's IFP application as moot.

If Getzen elects to file an amended complaint, Getzen must comply with the following requirements:

(1)  Getzen's deadline to file an amended complaint is August 12, 2024;

(2)  Getzen's amended complaint should be titled "First Amended Complaint";

(3)  Getzen's complaint should cure the deficiencies identified above; and

(4)  Getzen should submit a new Application to Proceed in District Court Without Prepaying Fees or Costs, or submit the filing fees associated with this action.

Failure to timely file an amended complaint that conforms with this Order will result in automatic dismissal of this action.

IT IS SO ORDERED.

DATED:  July 11, 2024, at Honolulu, Hawai'i.



/s/ Micah W.J. Smith
_____
Micah W.J. Smith
United States District Judge

---

Civil No. 24-00255 MWJS-WRP; *Getzen v. City & County of Honolulu*, et al.; ORDER DISMISSING COMPLAINT AND DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS AS MOOT